IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGIE & LARRY SPARKS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00110-P |
| | § | |
| FOREST RIVER, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Forest River, Inc.'s ("Forest River") Motion to Dismiss for Failure to State a Claim (ECF No. 9), Plaintiffs Angie and Larry Sparks' (the "Sparkses") Response (ECF No. 13), and Forest River's Reply (ECF No. 15). Having reviewed the Motion, Response, Reply, the Sparkses' First Amended Complaint (ECF No. 8), and having considered the current status of the case, the Court finds that Forest River's Motion should be and hereby is **GRANTED**.

## BACKGROUND[1]

The Sparkses allege in their First Amended Complaint that they purchased a faulty 2016 Sierra by Forest River 5th Wheel Travel Trailer (the "Travel Trailer") from Forest River for "tens of thousands of dollars." 1st Am. Compl. at ¶ 9, ECF No. 8. The Sparkses claim that Forest River failed to properly design and install the electrical wiring for the

---

[1]The Court draws its factual account from the allegations in the Sparkses' First Amended Complaint. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true").

electric fireplace in the Travel Trailer. *Id*. at ¶ 11. Moreover, the Sparkses claim that Forest River did not install a Ground Fault Circuit Interrupter ("GFCI") or an Arc Fault Circuit Interrupter ("AFCI") in the circuit panel of the travel trailer. *Id*. at ¶ 10. GFCIs and AFCIs are devices that act to turn off the flow of electricity when there is a short in electrical wiring, which is a safety feature designed to prevent fires and other damage resulting from malfunctioning electrical wires. *Id*. The Sparkses allege that GFCIs and AFCIs can and should be installed between the main incoming electric line and the circuit breaker box of a travel trailer. *Id*.

When the Sparkses used their electrical fireplace in the Travel Trailer on or about December 19, 2016, the improperly installed wiring caused a short. *Id*. at 12, 16. As the shorted wiring began to heat and melt, no GFCI of AFCI was in place to turn off the flow of electricity, causing other wiring in the circuit breaker box to melt and malfunction. *Id*. at ¶ 12. Plaintiff Angie Sparks ("Angie") personally observed the malfunctioning fireplace while the wiring began to melt, shoot sparks, and ultimately catch fire. *Id*. at ¶ 13. In response, Angie ran from the Travel Trailer to disconnect the main electric line outside of the Travel Trailer. *Id*. While running to unplug the Travel Trailer, Angie fell and suffered "a life changing and debilitating injury." *Id*.

On December 13, 2018, the Sparkses filed a lawsuit in the 348th Judicial District Court for Tarrant County, Texas, against Forest River. *See* ECF No. 1. On February 6, 2019, Forest River removed this action to this Court. ECF No. 1. On April 8, 2019, the Sparkses amended their complaint. ECF No. 8. In the Sparkses amended complaint, the Sparkses purport to bring claims on their behalf as well as on behalf of others similarly

situated as a class action under Federal Rule of Civil Procedure 23. *Id.* at ¶ 34. The Sparkses seek damages related to property damage suffered by them and members of the class, as well as for the injury to Angie. *Id.* at 13. These damages include property damage, medical care and expenses, physical pain and suffering, mental anguish and physical pain and suffering, physical impairment, loss of consortium including damage to the family relationship, loss of care, comfort, solace, companionship, protection services. *Id.* The Sparkses also pray for relief in the form of statutory damages under the Texas Deceptive Trade Practices Act, exemplary damages, attorneys' fees and costs, and pre- and post-judgment interest. *Id.* at 43–44.

Forest River filed a Rule 12(b)(6) motion to dismiss on April 22, 2019. ECF No. 9. The Sparkses filed a response to Forest River's motion to dismiss on May 22, 2019 (ECF No. 13), and Forest River filed a reply on June 10, 2019 (ECF No. 15). Forest River's motion to dismiss is now ripe for the Court's review.

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible." *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.). Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(e)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." FED. R. CIV. P. 8(e)(2). Furthermore, Rule 10(b) directs parties to separate their claims within their pleadings, and provides that the contents of

3

each shall be "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Boswell*, 138 F. Supp. 2d at 785 (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Id*. (citing *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Ledesma v. Dillard Dept. Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim

for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "The ultimate question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff." *Boswell*, 138 F. Supp. 2d at 785 (citing *Lowery v. Texas A & M University Sys.*, 117 F.2d 242, 247 (5th Cir. 1997)).

## ANALYSIS

The Sparkses failed to sufficiently plead the elements of, or legal conditions for, any cause of action against Forest River. To the contrary, the Sparkses have adopted what can be described as a "shot-gun" approach, reciting pages of facts combined with cryptic legalese only serving to confuse the reader. *See Boswell*, 138 F. Supp. 2d at 786. Although the Sparkses' First Amended Complaint contains vague citations to several claims, it is replete with bald, disjointed assertions. The Sparkses' First Amended Complaint contains two separate fact sections, neither of which complies with the mandate of Rule 10(b) to separate claims within pleadings. *See* FED. R. CIV. P. 10(b). The Sparkses' First Amended Complaint also contains a section setting out the Sparkses' Rule 23 class allegations, but it is likewise bereft of any articulation of the causes of action alleged on behalf of the class.[2] This is unacceptable.

---

[2]Forest River moved the Court to dismiss the Sparkses' class action claims under Rule 12(b)(6) because the Sparkses "cannot show the class sought to be represented is clearly ascertainable and cannot meet the requirements for certifying a class under Rule 23(a) or (b)." Mot. to Dismiss at p. 10 (ECF No. 9). "Class allegations may be dismissed pursuant to a Rule 12(b)(6) motion to dismiss if the nonexistence of an ascertainable class of persons to be represented is 'facially apparent from the pleadings.'" *Sharp Mexican Partners, LP v. Republic Waste Servs.*

5

"[I]t is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Martin v. U.S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990), *aff'd*. 929 F.2d 697 (5th Cir. 1991); *Boswell*, 138 F. Supp. 2d at 785. Here, the Court cannot determine the nature of the claims asserted in the Sparkses' First Amended Complaint without resorting to improper speculation. Indeed, the confusing nature of the Sparkses' First Amended Complaint is highlighted by the fact that Forest River is required to impermissibly speculate as to the nature of the Sparkses' causes of action, handicapping Forest River and unfairly frustrating its ability to defend itself in this lawsuit. *See* Mot. to Dismiss at p. 7-8 (ECF No. 9).

## CONCLUSION

For the foregoing reasons, the Court finds that Forest River's Motion to Dismiss (ECF No. 9), should be and is hereby **GRANTED.** Accordingly, the Court concludes that the Sparkses' claims asserted in their First Amended Complaint should be and are hereby **DISMISSED without prejudice.**

The Sparkses are **GRANTED** leave to amend to cure any defects **on or before December 20, 2019**. If the Sparkses fail to respond by this deadline, or if a timely amended complaint is subsequently dismissed, the Sparkses' claims will be **DISMISSED with prejudice**. If the Sparkses file a second amended complaint, Forest River's deadline to

---

*of Texas, Ltd.*, No. 3:17-CV-1605-S, 2018 WL 4053365, at *3 (N.D. Tex. Aug. 24, 2018) (quoting *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)). The Court notes, however, that in this case, the analyses related to class action invoked by Forest River are best left to the class certification stage.

respond is by **21 days** from the date of filing. None of the deadlines or instructions in the Scheduling Order (ECF No. 19) are affected by this Order.

**SO ORDERED** on this **5th day** of **December, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE